**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| **ARTHUR A. BLUMEYER, III,** | ) |
| | ) |
| Debtor, | ) |
| | ) |
| _____ | ) |
| | ) |
| **ARTHUR A. BLUMEYER, III,** | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. 4:06CV1681 CDP |
| | ) |
| **DAVID SOSNE,** | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Debtor/appellant

Arthur A. Blumeyer, III, an inmate at the Federal Correctional Institution located

in Texarkana, Texas (FCI-Texarkana), for leave to proceed *in forma pauperis*.

### Background

Appellant filed several notices of appeal challenging orders issued by the

Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern

District of Missouri. In doing so he neither paid the $255 in filing and

miscellaneous docketing fees[1] to the Bankruptcy Court nor filed a proper motion to proceed *in forma pauperis* with this Court.[2]

On December 18, 2006, I issued an order directing appellant either to "remit the $255.00 in filing fees to the United States Bankruptcy Court, Eastern District of Missouri, or file a proper motion to proceed *in forma pauperis* with this Court" no later than January 18, 2007. I further ordered that "if [appellant] chooses to file a proper motion to proceed in forma pauperis with this Court, then he must comply with all of the provisions applicable to prisoners under 28 U.S.C. § 1915." Id. Appellant was warned that if he failed to pay the fees or file a proper motion to proceed *in forma pauperis* by January 18, 2007, then his appeal would be dismissed. Id.

On January 16, 2007, appellant filed the instant motion to proceed *in forma pauperis* on appeal. This motion fails to comply with the provisions applicable to prisoners under 28 U.S.C. § 1915. Specifically, appellant has not submitted "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

---

[1]There is a $5 filing fee, 28 U.S.C. § 1930(c), and a $250 miscellaneous fee for docketing the appeal, 28 U.S.C. § 1930(b).

[2]Appellant did file motions to proceed *in forma pauperis* on appeal with the Bankruptcy Court [Bankr. Docs. #540, #542, #544, and #546]. These motions were denied by Judge McDonald [Doc. #554].

complaint or notice of appeal[.]" 28 U.S.C. § 1915(a)(2). The documents

submitted with the *in forma pauperis* motion indicate that this failure is

intentional, not accidental. Appellant contends that the provisions of 28 U.S.C. §

1915 do not apply to his motion and, therefore, he need not fully comply with the

prisoner provisions in § 1915 or with this Court's order.

## Discussion

Appellant's claim that this Court has authority to grant him leave to proceed

*in forma pauperis* on appeal under 28 U.S.C. § 1930(f)(2) is without merit.

Section 1930(f)(2) provides:

> The district court or the bankruptcy court may waive for
> such debtors other fees prescribed under subsections (b)
> and (c).

This language was added to § 1930 by the Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005 (BAPCPA). BAPCPA became effective for all

bankruptcy cases filed on or after October 17, 2005. BAPCPA, Pub. Law 109-8, §

1501(a) 119 Stat. 23, 216 (2005). The amendment made by BAPCPA to § 1930

does not apply to cases filed before the effective date. BAPCPA, Pub. Law 109-8

§ 1501(b)(1), 119 Stat. at 216.; see In re McKinney, 457 F.3d 623, 624-25 (7th

Cir. 2006); In re Chase, No. 05-4706, 2006 WL 3419842 at *2 (Bankr. S.D.N.Y.

Nov. 27, 2006). Because the record shows that appellant's bankruptcy case was

filed on March 23, 1998, before the effective date of BAPCPA, the amendments to § 1930 do not apply to the instant motion to proceed *in forma pauperis*.[3]

Instead, appellant's motion to proceed *in forma pauperis* is governed by pre-BAPCPA law. In this case, the applicable law is 28 U.S.C. § 1915 and the amendments made to it by the Prison Litigation Reform Act (PLRA), Pub. Law 104-134, 110 Stat. 1321 (1996).[4] Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action or appealing a judgment in a civil action *in forma pauperis* is required to pay the full amount of the filing fee. A prisoner's appeal to the district court from an adverse ruling by the bankruptcy court is a "civil action" for purposes of § 1915(b)(2). See Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998). Consequently, the prisoner provisions of § 1915 apply to the instant motion to proceed *in forma pauperis*.

If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee

---

[3]Because the Court finds that the amendments to § 1930 do not apply to appellant's case, the Court does not reach the question of whether § 1930 supercedes the prisoner-specific provisions set forth in § 1915 with regard to bankruptcy cases.

[4]Because this Court has authority under § 1915 to grant appellant leave to proceed *in forma pauperis* in connection with his bankruptcy appeals, the Court does not reach the issue of whether the bankruptcy court had the authority to grant appellant leave to proceed *in forma pauperis* on appeal under § 1915. But see In re Ennis, 178 B.R. 192, 195-196 (Bankr. W.D. Mo. 1995)(finding that bankruptcy court did not have authority under § 1915 to grant debtor leave to proceed *in forma pauperis* on appeal).

of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior 6-month period.  See 28 U.S.C. § 1915(b)(1).  In order for a court to determine whether a prisoner has insufficient funds and, when necessary, to calculate the initial partial filing fee, a prisoner must "submit a certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint or notice of appeal."  As noted above, appellant  failed to provide this Court with a certified copy of his prisoner trust account, even after being ordered to do so.

Because appellant neither paid the $255 in filing and miscellaneous docketing fees nor filed a proper motion to proceed *in forma pauperis* (including complying with all the provisions applicable to prisoners under § 1915)  – even after being directed to do so by order of this Court – the instant motion will be denied and the appeals will be dismissed, with prejudice.  See 28 U.S.C. § 1915; see also Fed. R. Civ. P. 41(b).

Additionally, this Court will take the unusual step of prohibiting the Clerk of Court from accepting from appellant any additional motions, pleadings, or documents in this case, except those necessary for appellant to appeal this Order.

The record of the Bankruptcy Court in this case and the Court's own records in other cases demonstrate that appellant is a "frequent filer" whose primary purpose is to assert dubious claims, raise meritless legal points, or take other action to delay or undo resolutions in his criminal and civil cases. See e.g. Blumeyer v. Melahn, No. 4:03CV878 HEA (E.D. Mo.); Blumeyer v. United States, 4:05CV1196 JCH (E.D. Mo.); Blumeyer v. Justice, No. 4:05CV475 JCH (E.D. Mo.); Blumeyer v. Sosne, No. 4:04CV1132 CAS (E.D. Mo.); Blumeyer v. United States, No. 4:04CV1056 JCH (E.D. Mo.). This appears to be particularly true with regard to the underlying bankruptcy case.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that appellant's motion for leave to proceed *in forma pauperis* on appeal from the Bankruptcy Court [Doc. #17] is **DENIED**.

**IT IS FURTHER ORDERED** that appellant's appeals from the orders issued by the Bankruptcy Court [Docs. #1, #2, #3, #4, #5, and #9] are **DISMISSED,** with prejudice, for failing to comply with this Court's order issued December 18, 2006. See Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall not accept

from appellant any motions, pleadings, or documents, except those necessary for appellant to appeal this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2007.